An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

PETER RENZO,
Appellant,
vs.
LYON COUNTY ANIMAL SERVICES,
Respondent.

No. 63458

FILED

APR 17 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a pro se appeal from a district court judgment granting declaratory relief to determine the rights of the parties under Lyon County Code section 7.07 (restricted animals). Third Judicial District Court, Lyon County; William Rogers, Judge.

Under Lyon County Code section 7.07.03, owners of restricted animals are required to obtain a permit. Public zoos, however, are exempt from the permit requirement. Lyon Cnty. Code § 7.07.04(D). The Code defines public zoo as "[a] permanent cultural institution which owns and maintains captive wild animals that represent more than a token collection and, under the direction of a professional staff, provides its collection with appropriate care and exhibits them in an aesthetic manner to the public on a regularly scheduled basis." Lyon Cnty. Code § 7.07.02. To be considered a public zoo under the Code, the facility must be in the primary business of "exhibition, conservation, and preservation of the earth's fauna in an educational and scientific manner," hold a USDA class C exhibitor's license, and be accredited by the American Zoo and Aquarium Association (AZA). *Id.*

15-11576

Appellant Peter Renzo contends that the district court erred in declaring that his facility, which houses and exhibits several large wildcats, was not a public zoo and thus exempted from the permit requirements. He also asserts that the Code's definition of public zoo, insofar as it requires AZA accreditation, fails to pass a rational basis review. We review the district court's legal determinations de novo but give deference to the district court's factual determinations. *Edelstein v. Bank of New York Mellon*, 128 Nev. ___, ___, 286 P.3d 249, 260 (2012); *County of Clark v. Upchurch*, 114 Nev. 749, 961 P.2d 754 (1998) (applying both standards of review in a declaratory relief action).

The district court found that, while Renzo holds a USDA class C exhibitor's license,[1] his facility did not meet the definition of public zoo because his tigers are "only a 'token collection,'" not an exhibit of a permanent cultural institution. The record indicates that Renzo resided at several different locations and owned various exotic animals throughout the ten years preceding the district court action; at the pertinent time, he had six tigers and a leopard. Nothing in the record explains what the primary purpose of Renzo's business is or demonstrates that Renzo exhibits the animals to the public on a regularly scheduled basis, although he now asserts that he meets these factors. Further, Renzo admittedly is not accredited by the AZA. Therefore, Renzo failed to demonstrate that he

---

[1]Under 9 C.F.R. § 1.1, a class C license is for exhibitors who are in the business of showing or displaying animals to the public for compensation. The term "exhibitor" covers a wide variety of activities, including "carnivals, circuses, animal acts, zoos, and educational exhibits." 9 C.F.R. § 1.1.

falls under the public zoo exemption, and the district court's finding is supported by substantial evidence.

As for the latter factor, Renzo argues that the AZA accreditation requirement for exemption is arbitrary and capricious in that there is no rational reason for it. In order to withstand scrutiny under the Due Process Clause of the Fourteenth Amendment to the United States Constitution, the Code provisions must bear a rational relationship to a legitimate governmental interest. *See Wilkins v. Daniels*, 913 F. Supp. 2d 517, 536 (S.D. Ohio 2012) (concluding that exotic animal ownership implicates a limited property interest such that no fundamental constitutional right is at stake and a rational basis review applies), *aff'd*, 744 F.3d 409 (6th Cir. 2014). Certainly, the Code itself meets this standard as a law designed "to protect the health and safety of the public and to promote the welfare of these animals." Lyon Cnty. Code § 7.07.01. *See Wilkins*, 913 F. Supp. 2d at 538.

Moreover, the Code does not require accreditation by the AZA; instead, it exempts from its permit requirements public zoos that are accredited by the AZA. The exemption provision neither interferes with any right to own exotic animals nor lacks a rational basis—it is not unreasonable for Lyon County to conclude that a facility meeting AZA accreditation requirements need not also meet the Lyon County requirements. *See generally Wilkins*, 913 F. Supp. 2d at 534 (explaining that, for freedom of association purposes, the government does not compel the owner of regulated animals into qualifying for a wild animal act exemption through accreditation merely by providing exemptions for accredited owners). As a result, even if Renzo otherwise met the Code's definition of public zoo, he cannot overcome the AZA accreditation

requirement. And although Renzo suggests that his alleged "USZA" accreditation should be accepted in lieu of AZA accreditation, nothing in the record indicates that he made this argument before the district court below, or before Lyon County officials in contesting his citation. *See Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) (noting that this court does not consider arguments raised for the first time on appeal). For these reasons, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc: Hon. John Schlegelmilch, District Judge
Peter Renzo
Lyon County District Attorney
Third District Court Clerk